UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANELL SALGADO, Administrator of the Estate of VICTOR ANGEL FLORES, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.   08 C 2878 Judge Gottschall |
| JOHN, JAMES and MARY DOE, individually and as agents/employees of CITY OF CHICAGO, and CITY OF CHICAGO, a municipal corporation; | ) ) ) ) ) | Magistrate Judge Mason |
| Defendants, | ) ) ) | |

**PLAINTIFF'S MOTION TO CONTINUE DEFENDANT'S MOTION
OR FOR ALTERNATIVE RELIEF**

Plaintiff, JANELL SALGADO, Administrator of the estate of VICTOR ANGEL FLORES, deceased, by her attorneys, BAAL & O'CONNOR, moves to enter and continue the motion to dismiss, filed by Defendants on August 8, 2008, to a date shortly after written discovery has been completed, or in the alternative, moves for leave to file an amended complaint, or in the further alternative, moves for an extension to file its response to the motion to dismiss.

This is a wrongful death/survival action and also a Section 1983 action arising from the wrongful death of VICTOR ANGEL FLORES (hereinafter VICTOR), whom the City of Chicago and various of its police officers allowed to commit suicide while VICTOR was in their exclusive custody and control and when the City and these officers knew about VICTOR'S suicidal and serious mental health condition.

Defendant moves to dismiss the following subparts in Paragraph 41 of Count III: b, c, d,

e, f, h, and I, and moves to dismiss these same subparts in Paragraph 46 of Count IV, claiming

the allegations involve discretionary acts and thus the City and its officers are immune from

liability pursuant to Section 2-201.

On information and belief, the City has Police Department general orders, guidelines,

rules, and polices and procedures concerning the care and treatment of arrestees with known

suicidal and/or serious mental health conditions (such as VICTOR), which would almost

certainly include provisions pertaining to the acts and omissions described in the allegations

which the City moves to dismiss. Assuming such rules, guidelines, and policies and procedures

exist, the acts/omissions described in the aforementioned allegations (that the City seeks to

dismiss) are not discretionary [see Torres v. City of Chicago, 123 F.Supp.2d 1130 (N.D. Ill.

2000)], and thus, neither the City nor those officers are immune for the willful and wanton

conduct described in those allegations. See Torres.

Clearly, it is premature to bring this motion until all relevant written materials are

received in this matter. Therefore, Plaintiff requests this Court to enter and continue defendant's

motion until a date shortly after written discovery is completed. Regarding written discovery,

Plaintiff proposes the Court order (1) that each party issue written discovery by September 14,

and answer written discovery by October 14; and (2) assuming that defendant completes written

discovery by October 14, that Plaintiff respond to Defendant's motion to dismiss by October 28,

or if defendant does not answer written discovery by October 14, then Plaintiff must respond to

defendant's motion to dismiss within 14 days after defendant completes written discovery.

In the alternative, if the Court denies that request, Plaintiff requests 7 days to file an

amended complaint. In the further alternative, if the Court denies both the aforementioned

requests, Plaintiff requests an extension to September 18 to file its response to the motion to

dismiss, which is a reasonable request given the significance of defendant's motion and

considering defendant had two extensions to file to file this motion to dismiss.

WHEREFORE, Plaintiff moves for an order in accordance with this motion.

s/Bryan J. O'Connor Jr.
BRYAN J. O'CONNOR JR.
"Lead Counsel" for Plaintiff