## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **JANELL SALGADO,** | ) | |
| | ) | **08 C 2878** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Judge Gottschall** |
| | ) | |
| **CITY OF CHICAGO, et al.,** | ) | |
| | ) | **Magistrate Judge Mason** |
| **Defendants.** | ) | |

### DEFENDANT CITY OF CHICAGO'S RESPONSE TO PLAINTIFF'S MOTION FOR A CONTINUANCE OR ALTERNATIVE RELIEF

NOW COMES Defendant City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel, and responds to plaintiff's motion, as follows:

Plaintiff's motion asks this Court to continue City's Rule 12(b)(6) motion, or in the alternative, grant plaintiff leave to file an amended complaint, or in further alternative, move for an extension of time to file its response to City's Rule 12(b)(6) motion.[1]  City respectfully requests plaintiff's motion for continuance be denied.  City has no objection should this Court be inclined to grant plaintiff leave to file an amended complaint, or additional time to file a response to the City's motion to dismiss.[2]

Plaintiff argues paragraph 41 of Count III, subparts b, c, d, e, f, h and i, and paragraph 46 of Count IV, subparts b, c, d, e, f, h and i, should not be dismissed because the acts of officers described in the complaint are not discretionary and therefore not shielded by the Illinois Tort Immunity Act.  Plaintiff's reliance on *Torres v. City of*

---

[1] Plaintiff has not referenced City's motion to dismiss paragraphs 41 and 46, subparts j through n of Counts III and IV respectively, in her request for a continuance.  To that extent, in the event plaintiff's request for a continuance is granted, City requests such continuance to respond apply only to the Counts, paragraphs and subparts referenced in plaintiff's motion.

[2] Plaintiff has not attached a draft amended complaint to the instant motion.

*Chicago*, 123 F.Supp.2d 1130 (N.D.Ill. 2000), is misplaced.  *Torres* held a public employee can be held liable in the execution or enforcement of the law if his acts constitute willful and wanton conduct.  *Torres*, 123 F.Supp.2d at *1123.

However in *Zinnermon v. City of Chicago*, a case decided after *Torres*, the court held the willful and wanton exception was in conflict with the holding of the Illinois Supreme Court in *In re Flood*.  *Zinnermon v. City of Chicago*, 209 F.Supp.2d 908, 911 (N.D.Ill.2002).  The Court in *Zinnermon* went on to rule there is no willful and wanton exception provided in section 2-201 of the Illinois Tort Immunity Act, and federal courts in this Circuit are bound to follow the highest state court's reading of state statutes.  *Id*.

Plaintiff further argues City's motion should be continued to a date shortly after written discovery is completed.  Plaintiff has not demonstrated how written discovery will help her state a claim in the first place.  Since plaintiff has an obligation under Rule 11(b)(3) of the Federal Rules of Civil Procedure to conduct prefiling discovery, her request to stay the City's motion pending written discovery should be denied.

WHEREFORE, City objects to any continuance granted for the purpose of engaging in written discovery, before plaintiff is required to respond to City's motion to dismiss.  Alternatively, City has no objection to plaintiff's request to file an amended complaint, or granting plaintiff additional time to respond to City's motion.

Dated: 9-2-2008

Respectfully submitted,
Mara S. Georges
Corporation Counsel for the City of Chicago

By:  *s/ Sanjay Patel*
Sanjay Patel
Assistant Corporation Counsel

30 N. LaSalle St.
Suite 1400
Chicago, IL 60602
312-742-3902